UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PALANI KARUPAIYAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> L NAGANDA, *et al.*, <br><br> Defendants. | Civil Action No. <br><br> 20-12356 (SDW) (LDW) <br><br> **ORDER** |

**THIS MATTER** having come before the Court by way of *pro se* plaintiff Palani Karupaiyan's motion to seal the docket (ECF No. 32); and

**WHEREAS** although styled as a motion to seal the docket in its entirety, as best the Court can discern, plaintiff seeks to remove any information from the public docket that would reveal his address or location to defendant Nagananda because defendant allegedly sent him a threatening email using red font and requested his address (*Id.* ¶ 4); and

**WHEREAS** plaintiff also claims that he filed unspecified records relating to his minor children on the docket (*Id.* ¶ 7); and

**WHEREAS** there is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). This "strong presumption of openness does not permit the routine closing of judicial records to the public." *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation omitted). Thus, "the party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal

an *entire* record faces an even heavier burden." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quotations omitted); and

**WHEREAS** Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."; and

**WHEREAS** to the extent plaintiff seeks to seal the entire docket and all documents filed over the past eleven months, the request is denied because Local Civil Rule 5.3(e) provides that "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule."; and

**WHEREAS** to the extent plaintiff seeks to seal any address information on the docket, a *pro se* plaintiff's address is not the kind of information that courts typically protect, and it does not appear that the publicly available docket entries in this matter actually reveal any such information as plaintiff alleges that he was evicted and does not have a current home address (ECF Nos. 1, 7, 18, 31); and

**WHEREAS** plaintiff has not established that physical harm to himself or his family is likely to occur if information plaintiff himself filed, which has been publicly available for nearly a year, is not sealed; and

**WHEREAS** plaintiff does not identify any specific personal, confidential, or otherwise sensitive information that has been filed on the public docket, nor has he identified a legitimate private interest or serious injury that would result absent sealing sufficient to overcome the presumption of public access to judicial records; and

**WHEREAS** plaintiff has not established that any documents filed in this matter contain "highly sensitive information a) that is likely to be of interest to the intelligence service of a hostile foreign government and whose use or disclosure by such a government would likely cause significant harm or b) whose disclosure could jeopardize the safety of specific individuals" such that they could be considered Highly Sensitive Documents under the District Court's January 26, 2021 Standing Order 2021-01; therefore,

**IT IS** on this day, August 11, 2021, **ORDERED** that:

1. Plaintiff's motion to seal is **DENIED**. If plaintiff seeks to seal any specifically identifiable confidential or personal information contained in a publicly filed document, he may so request in accordance with Local Civil Rule 5.3(c). To the extent plaintiff's voluminous complaints and other filings include the full name or other personal identifying information of any minor child, he is directed to submit redacted copies of those documents in accordance with Local Civil Rule 5.2.

2. The Clerk of Court is directed to terminate the motion at ECF No. 32.

                                                    *s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge