**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PALANI KARUPAIYAN, *et al.*, | Civil Action No. 20-12356(SDW)(LDW) |
| Plaintiff, | |
| v. | **OPINION** |
| L NAGANDA *et al.*, | August 12, 2021 |
| Defendants. | |

**THIS MATTER** having come before this Court upon the filing of *pro se* Plaintiff Palani Karupaiyan's ("Plaintiff") Motion for a Permanent Injunction (D.E. 38) and First Amended Complaint (D.E. 7), and Defendant County of Middlesex's ("Defendant") Motion to Dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 8 and 12(b)(6) (D.E. 33); and

**WHEREAS** by Order dated October 1, 2020, this Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed all claims in the initial Complaint against a number of New Jersey state court judges with prejudice on the basis of absolute immunity, dismissed the remaining claims in the initial Complaint without prejudice, and gave Plaintiff 30 days to file an Amended Complaint (D.E. 3); and

**WHEREAS** Plaintiff filed a 347-page First Amended Complaint on October 8, 2020 (D.E. 7), which has yet to be screened due to Plaintiff's serial appeals to the United States Court of Appeals for the Third Circuit.  The body of the First Amended Complaint reiterates many of the same allegations against New Jersey state court judges that were previously dismissed with prejudice.  (*See id.* ¶¶ 32-49); and

**WHEREAS** on May 24, 2021, Plaintiff filed a 468-page Second Amended Complaint, (D.E. 31), although his First Amended Complaint had yet to be screened due to a series of appeals that remained pending in the United States Court of Appeals for the Third Circuit; and

**WHEREAS** on June 11, 2021, Defendant County of Middlesex ("Defendant") filed a Motion to Dismiss the First Amended Complaint, although one of Plaintiff's appeals remained pending.  (D.E. 33.)  In that Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to articulate a coherent short and plain statement that would entitle Plaintiff to relief, as required by Rule 8, and further fails to state a plausible claim to relief pursuant to Rule 12(b)(6).  (*See generally id.*)  Plaintiff opposed the Motion to Dismiss on June 18, 2021, (D.E. 35), and Defendant replied on June 29, 2021 (D.E. 36); and

**WHEREAS** on July 13, 2021, Plaintiff filed a Motion for an Extension of Time to File a Third Amended Complaint, (D.E. 39), although his First Amended Complaint had yet to be screened due to his pending appeal.  That same day, Plaintiff also filed a Motion for a Permanent Injunction (D.E. 38); and

**WHEREAS** on August 5, 2021, the United States Court of Appeals for the Third Circuit dismissed Plaintiff's final pending appeal for lack of jurisdiction (D.E. 43); and

**WHEREAS** on August 11, 2021, Magistrate Judge Leda D. Wettre denied Plaintiff's Motion for an Extension of Time to File a Third Amended Complaint.  (*See* D.E. 43.)  That same day, Judge Wettre also denied a Motion To Seal the Entire Docket (D.E. 32) and a Motion To Appoint Pro Bono Counsel (D.E. 34), which Plaintiff had also filed during the pendency of his appeal (D.E. 41; D.E. 42); and

**WHEREAS** this Court now reviews the substance of Plaintiff's First Amended Complaint pursuant to Rule 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and considers the arguments raised in Defendant's Motion to Dismiss; and

**WHEREAS** Plaintiff's First Amended Complaint is largely incoherent and partially illegible due to areas that have been crossed out.  (D.E. 7.)  In it, Plaintiff appears to assert claims under both United States and Indian law related to familial disputes, domestic violence incidents, and some form of housing discrimination.  (*See generally* D.E. 7.)  Plaintiff names a myriad of Defendants, including, *inter alia*: his ex-wife and her family, law firms, property management companies, landlords, and countless New Jersey state court judges.  (*Id.* ¶¶ 11-17, 21-55.) Plaintiff's allegations span the gamut from stolen bicycles (*id.* ¶¶ 60-67), divorce proceedings in New Jersey and India (*id.* ¶¶ 69-72), corruption in the New Jersey state judicial system (*id.* ¶¶ 74-75), family feuds and inheritances (*id.* ¶ 80), domestic violence allegations (*id.* ¶¶ 90-91), child support disputes (*id.* ¶¶ 345, 349), civil rights abuses by police (*id.* ¶¶ 358-360), and beyond.  The majority of Plaintiff's claims seem connected to a domestic violence incident where Plaintiff's ex-wife alleged that he "squeezed [her] neck and attempted to murder her … to get custody of the[ir] children to abduct them to India."  (*Id.* ¶ 145.)  Plaintiff seeks relief in nearly countless forms, including damages for alleged harms including "[h]ealth," "robbery," "kids injury" and "education," "loss of conjugal rights," "false arrest," "false jailing," "tort," "medical malpractice," "intentional failure to excise/do the duty/authority," "[f]ailure to operate the office," "[c]hild [a]buse," "neglect," "parental liberty/parent[al] right[s] violation[s]," "encouraging" and "enjoying" "child abuse," and a "few more . . ." (*Id.* ¶ 1); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** the First Amended Complaint fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims.  Much of the First Amended Complaint appears to have been copied from a prior pleading, which was also dismissed "for failure to comply" with Rule 8 and upheld on appeal.  (*See* D.E. 33 at 5.)  Plaintiff also reiterates allegations against New Jersey state court judges that were dismissed with prejudice.  (*See* D.E. 7 ¶¶ 32-49.)  Therefore, the facts alleged in Plaintiff's First Amended Complaint are insufficient to support a claim entitling Plaintiff to relief.  *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); (D.E. 33.)  As a result, this Court will grant Defendant's Motion to Dismiss; and

**WHEREAS** Plaintiff's Motion for a Permanent Injunction is also largely incoherent, but appears to request a "[p]ermanent injection [*sic*] against New Jersey that New Jersey should not appoint Justice[s] in [the] New Jersey Supreme Court."  (D.E. 38 at 1.)  The Motion seemingly

4

alleges wide-ranging corruption in the New Jersey state judicial appointment system and attempts to raise additional allegations related to "court packing," (*id.* at 3), "civil right[s], age discrimination, [and] equal employment opportunities," (*id.* at 4); and

**WHEREAS** in seeking a permanent injunction, a plaintiff must demonstrate: "'(1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages,' prove inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and defendant favor equitable relief; and (4) 'that the public interest would not be disserved by a permanent injunction.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 689 (D.N.J. 2015) (internal citations omitted); and

**WHEREAS** this Court will *sua sponte* dismiss Plaintiff's Motion for a Permanent Injunction, which fails to state a claim that is not factually frivolous. *Trammell v. All Other Collateral Heirs of Est. of Marie Jones Polk*, 446 F. App'x 437, 439 (3d Cir. 2011) (upholding a District Court's *sua sponte* dismissal where the "factual allegations" were "simply unbelievable"). This Court may dismiss claims that are "legally baseless if [they are] 'based on an indisputably meritless legal theory,'" or are factually baseless because the "facts alleged rise to the level of the irrational or the wholly incredible." *Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (internal citations omitted). Plaintiff's Motion for a Permanent Injunction does not articulate any of the elements required for injunctive relief or provide any non-frivolous basis for this Court to grant its request to enjoin both the State of New Jersey and the New Jersey Governor from "appoint[ing]" Justices to the New Jersey Supreme Court. (D.E. 38 at 4.)  As a result, it must be dismissed.  An appropriate Order follows.

__/s/ Susan D. Wigenton_____
**United States District Judge**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

6