**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PALANI KARUPAIYAN, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> L NAGANDA *et al.*, <br><br> Defendants. | Civil Action No. 20-12356 (SDW)(LDW) <br><br> **WHEREAS OPINION** <br><br><br> May 20, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Palani Karupaiyan's ("Karupaiyan" or "Plaintiff") Second Amended Complaint, filed on May 24, 2021 (D.E. 31), and this Court having *sua sponte* reviewed the Second Amended Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** by Order dated October 1, 2020, this Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed all claims in Plaintiff's initial Complaint against a number of New Jersey state court judges with prejudice on the basis of absolute immunity, dismissed the remaining claims in the initial Complaint without prejudice, and gave Plaintiff 30 days to file an Amended Complaint (D.E. 3); and

**WHEREAS** on October 8, 2020, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on this Court's October 1, 2020 Order. (D.E. 5.) That same

1

day, Plaintiff filed a 347-page First Amended Complaint on October 8, 2020 (D.E. 7), which had yet to be screened due to Plaintiff's serial appeals to the United States Court of Appeals for the Third Circuit. The body of the First Amended Complaint reiterated many of the same allegations against New Jersey state court judges that was previously dismissed with prejudice. (*See id*. ¶¶ 32-49); and

**WHEREAS** on May 24, 2021, Plaintiff filed a 468-page Second Amended Complaint, (D.E. 31), although his First Amended Complaint had yet to be screened due to a series of appeals that remained pending in the United States Court of Appeals for the Third Circuit; and

**WHEREAS** on June 11, 2021, Defendant County of Middlesex ("Defendant") filed a Motion to Dismiss the First Amended Complaint, although one of Plaintiff's appeals remained pending. (D.E. 33.)  In that Motion to Dismiss, Defendant argued that Plaintiff's Complaint failed to articulate a coherent short and plain statement that would entitle Plaintiff to relief, as required by Rule 8, and further failed to state a plausible claim to relief pursuant to Rule 12(b)(6).  (*See generally id*.)  Plaintiff opposed the Motion to Dismiss on June 18, 2021, (D.E. 35), and Defendant replied on June 29, 2021 (D.E. 36); and

**WHEREAS** on July 13, 2021, Plaintiff filed a Motion for an Extension of Time to File a Third Amended Complaint, (D.E. 39), although his First Amended Complaint had yet to be screened due to his pending appeal.  That same day, Plaintiff also filed a Motion for a Permanent Injunction (D.E. 38); and

**WHEREAS** on August 5, 2021, the United States Court of Appeals for the Third Circuit dismissed Plaintiff's final pending appeal for lack of jurisdiction (D.E. 40); and

**WHEREAS** on August 11, 2021, Magistrate Judge Leda D. Wettre denied Plaintiff's Motion for an Extension of Time to File a Third Amended Complaint.  (*See* D.E. 43.)  That same

day, Judge Wettre also denied a Motion To Seal the Entire Docket (D.E. 32) and a Motion To Appoint Pro Bono Counsel (D.E. 34), which Plaintiff had also filed during the pendency of his appeal (D.E. 41; D.E. 42); and

**WHEREAS** on August 12, 2021, this Court granted Defendant's Motion to Dismiss the First Amended Complaint pursuant to Rules 8 and 12(b)(6) because the First Amended Complaint failed to provide a clear narrative of either the factual or legal basis for Plaintiff's claims.  (D.E. 44 at 3-4.)  This Court also *sua sponte* dismissed Plaintiff's Motion for a Permanent Injunction because Plaintiff failed to articulate any of the elements required for injunctive relief or provide any non-frivolous basis for this Court to grant its request to enjoin both the State of New Jersey and the New Jersey Governor from "appoint[ing]" Justices to the New Jersey Supreme Court (D.E. 44 at 4-5); and

**WHEREAS** on August 19, 2021, Plaintiff filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit appealing this Court's Order dismissing Plaintiff's First Amended Complaint and Motion for a Permanent Injunction (D.E. 46); and

**WHEREAS** on January 12, 2022, Plaintiff filed a Motion to Appoint Guardian ad Litem or attorney (D.E. 51), which had yet to be screened due to Plaintiff's appeal to the United States Court of Appeals for the Third Circuit; and

**WHEREAS** on March 18, 2022, during the pendency of his appeal to the United States Court of Appeals for the Third Circuit, Plaintiff filed an Emergency Order to Show Cause seeking entry of an order prohibiting the Superior Court of New Jersey, Middlesex County Family Division and the State of New Jersey from effectuating his arrest in connection with a family court action in the Superior Court of New Jersey.  (D.E. 54.)  Plaintiff's Order to Show Cause had yet to be screened due to Plaintiff's appeal to the United States Court of Appeals for the Third Circuit; and

**WHEREAS** on May 11, 2022, the United States Court of Appeals for the Third Circuit affirmed this Court's Order entered on August 16, 2021 dismissing Plaintiff's First Amended Complaint and Motion for a Permanent Injunction; and

**WHEREAS** this Court reviews Plaintiff's Second Amended Complaint pursuant to Rule 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. at 662; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff's Second Amended Complaint, like the First Amended Complaint, is largely incoherent. (D.E. 31.) In it, Plaintiff appears to assert claims under both United States and Indian law related to familial disputes, domestic violence incidents, and some form of housing discrimination. (*See generally* D.E. 31.) Plaintiff again names a myriad of Defendants, including, *inter alia*, his ex-wife and her family, law firms, property management companies, landlords, and countless New Jersey state court judges. (*Id.* ¶¶ 1, 11-19, 21-55.) Plaintiff's allegations span the gamut from stolen bicycles (*id.* ¶¶ 60-67), divorce proceedings in New Jersey and India (*id.* ¶¶ 69-72), corruption in the New Jersey state judicial system (*id.* ¶¶ 74-75), family feuds and inheritances (*id.* ¶ 80), domestic violence allegations (*id.* ¶¶ 90-91), child support disputes (*id.* ¶¶ 345, 349), civil rights abuses by police (*id.* ¶¶ 358-364), and beyond. Plaintiff seeks relief in nearly countless forms, including damages for alleged harms including "[h]ealth," "robbery," "kids injury" and "education," "loss of conjugal rights," "false arrest," "false jailing," "tort," "medical malpractice," "intentional failure to excise/do the duty/authority," "[f]ailure to operate the office," "[c]hild

[a]buse," "neglect," "parental liberty/parent[al] right[s] violation[s]," "encouraging" and "enjoying" "child abuse," and a "few more . . ." (*Id.* ¶ 1); and

**WHEREAS** the Second Amended Complaint fails to provide a clear narrative of either the factual or legal basis for Plaintiff's claims. Much of the Second Amended Complaint appears to have been copied from prior pleadings, which were also dismissed for failure to comply with Rule 8 and upheld on appeal. (*See* D.E. 1, 3, 7, and 44.) Plaintiff also reiterates allegations against New Jersey state court judges that were dismissed with prejudice. (*See* D.E. 7 ¶¶ 32-49.) Therefore, the facts alleged in Plaintiff's Second Amended Complaint are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); *Trammell v. All Other Collateral Heirs of Est. of Marie Jones Polk*, 446 F. App'x 437, 439 (3d Cir. 2011) (upholding a District Court's *sua sponte* dismissal where the "factual allegations" were "simply unbelievable"). This Court may dismiss claims that are "legally baseless if [they are] 'based on an indisputably meritless legal theory,'" or are factually baseless because the "facts alleged rise to the level of the irrational or the wholly incredible." *Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (internal citations omitted). As a result, Plaintiff's Second Amended Complaint must be dismissed[1]; and

---

[1] To the extent that there is any confusion regarding the validity of the First Amended Complaint, the First Amended Complaint is dismissed for the reasons previously stated in this Court's Opinion dated August 12, 2021.

**WHEREAS** Plaintiff's Motion to Appoint Guardian ad Litem or attorney and Plaintiff's Order to Show Cause filed in connection with a state court family action are dismissed as moot; and therefore

Plaintiff's Second Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
      Parties